UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| LAURA KOTELMAN and PAUL KOTELMAN,<br><br>  Plaintiffs,<br>vs.<br><br>FARM BUREAU PROPERTY & CASUALTY INSURANCE COMPANY,<br><br>  Defendant. | 4:24-CV-04066<br><br>MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS |

Pending before the Court is Defendant's Motion to Dismiss all three of Plaintiffs' claims. (Doc. 8). In response, Plaintiffs have amended their complaint (Doc. 13) and filed a response in opposition (Doc. 14), and Defendant has replied (Doc. 17). For the following reasons, the Court denies the Motion to Dismiss.

**BACKGROUND**

The present case stems from Defendant's denial of Plaintiffs' claim for insurance benefits under a property insurance policy ("the Policy") issued by Defendant. (Doc. 13 PgID. 86, 88; Doc. 9 PgID. 17). The Policy in question came into effect in 2017 and remained in effect during all relevant times in this matter. (Doc. 13 PgID 86). In December of 2022, a layer of ice formed on the pitched roof of Plaintiffs' home. (*Id.*, PgID. 87). This layer of ice did not melt, and as the winter

1

progressed, it was covered with large amounts of snow. (*Id.*). In February of 2023, Plaintiffs noticed the roof begin to move downward as a result of the accumulating snow and ice. (*Id.*). On February 3, 2023, Plaintiffs filed a claim under the Policy for "accidental direct physical loss to their dwelling under the weight of the snow and ice." (*Id.*).

Defendant conducted an initial inspection of the home on February 6, 2023, and subsequently hired Apex Structural Design to investigate the cause of the damage on March 15, 2023. (Doc. 9 PgID 18). Apex concluded that the cause of the damage was "improper construction" and "lack of horizontal restraints." (Doc. 9 PgID 19). On April 17, 2022, Defendant informed Plaintiffs that their claim was denied because the damage to their roof is excluded under the Policy due to faulty construction or design. (Doc. 13 PgID. 88).

Plaintiffs allege that there is no applicable exclusion, and that Defendant wrongfully denied their claim. (*Id.*). Plaintiffs further allege that as a result of Defendant's denial they incurred expenses, suffered pecuniary loss, and emotional distress. (*Id.*) Plaintiffs subsequently filed this lawsuit alleging breach of contract; insurance bad faith; and are seeking a declaratory judgement that the damage sustained is covered under the Policy and requiring Defendant to remit the $423,100 available under the Policy. (Doc. 13 PgID. 88-90).

2

In response, Defendants have moved to dismiss Plaintiffs' claims alleging anew that the loss is not covered by pointing to a different exclusion under the Policy. (Doc. 17 PgID. 111). Specifically, Defendants point to the exclusion in the Policy that states: "[t]here is no coverage for loss arising out of freezing, thawing, or the pressure or weight of water or ice even if driven by wind, to: ... [f]oundations, footings, bulkheads, walls, or any other structure or device that supports all or part of a building or other structure." (*Id.*). Further, Defendant asserts that Plaintiffs' prayer for declaratory relief is duplicative of the breach of contract claim and should be dismissed. (*Id.*, PgID. 113).

## LEGAL STANDARD

### MOTION TO DISMISS

Defendant has moved for dismissal of all three claims alleged by Plaintiffs pursuant to Federal Rule of Civil Procedure 12(b)(6). Fed. R. Civ. P. 12(b)(6). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). As the court considers a motion to dismiss, it must assume all facts alleged in the complaint are true and construe all reasonable inferences most favorably to the non-moving party. *See Broin and Associates, Inc. v. Grenecor Intern.*, 232 F.R.D. 335, 338 (D.S.D. 2005) (citing *Frey v. Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995)). As a practical matter, "[a] motion to dismiss should be

granted ... only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." *Id.* (citations and quotation marks omitted).

While this pleading standard does not require "detailed factual allegations," it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcraft v. Iqbal* 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (1995)). Thus, to avoid dismissal, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" such that the court may draw "the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* See also *Spagna v. Phi Kappa Psi, Inc.*, 30 F4th. 710, 715 (8th Cir. 2022) (dismissal proper where factual allegations failed to state a plausible claim for relief and amounted to only a possibility that relief was warranted); *Faulk v. City of St. Louis*, 30 F.4th 739, 744 (8th Cir. 2022) (quoting the *Iqbal* standard and reversing denial of motion to dismiss).

When a court considers a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), it examines the complaint and "'matters incorporated by reference or integral to the claim, subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned' without

4

converting the motion into one for summary judgement." *Faloni and Associates, LLC v. Citibank N.A.*, No. 19-4195, 2020 WL 4698475, *2 (D.S.D. Aug. 13, 2020) (quoting *Miller v. Redwood Toxicology Lab, Inc.*, 688 F.3d 928, 931 n.3 (8th Cir. 2012) (citing 5B Charles Alan Wright & Aurthur R. Miller, *Federal Practice and Procedure* § 1357 (3d ed. 2004))).

## ANALYSIS

### 1. Breach of Contract

To establish a claim for breach of contract, a plaintiff must show: "'(1) the existence and terms of a contract; (2) that plaintiff performed or tendered performance pursuant to the contract; (3) breach of the contract by the defendant; and (4) damages suffered by the plaintiff.'" *Williams v. Medalist Golf, Inc.*, 95 UCC Rep.Serv.2d 58, No. 16-232, 2018 WL 1046889 *2 (E.D. Mo. Feb. 26, 2018) (quoting *Keveney v. Missouri Military Acad.*, 304 S.W.3d 98, 104 (Mo. 2010)). The parties do not dispute the first two elements. The Policy was in effect at all relevant times in this matter and Plaintiffs paid their premiums on time and in full. (Doc. 9 PgID. 18; Doc.17 PgID. 109; Doc. 13 PgID. 86). However, the same is not true for elements three and four. Defendant asserts that Plaintiffs' claimed loss is expressly excluded under the Policy, and thus that no breach occurred. Plaintiffs assert that there is no applicable exclusion to the claimed loss and therefore Defendant has wrongfully refused payment of the benefits they are entitled to under the Policy.

The Policy provided coverage to Plaintiffs dwelling for up to $423,100. (Doc. 10-1 PgID. 39). Specifically, the Policy provided Special Causes of Loss coverage described as follows: "we insure your property as described in the Declarations for accidental direct physical loss except as excluded under the exceptions and limitations outlined below." (*Id.*, at PgID. 39, 56). Meaning that if the insured suffers an accidental direct physical loss, it is covered, unless expressly excluded. The relevant exclusion is the Freezing, Thawing, or the Pressure or Weight of Water or Ice provision which states: "[t]here is no coverage for loss 'arising out of' freezing, thawing, or the pressure or weight of water or ice, even if driven by wind, to: … B. [f]oundations, footings, bulkheads, walls, or any other structure or device that supports all or part of a building or other structures." (*Id.*, at Pg.ID. 57). "Arising out of" is defined as "[o]riginating from, growing out of or flowing from, and requires only that there be some causal relationship between the loss, injury or damage and the activity or event." (*Id.*, at PgID. 41).

Plaintiffs argue this exclusion does not apply because a roof does not fall into the definition of "foundations, footings, bulkheads, walls, or any other structure or device that supports all or part of the building or other structures." Plaintiffs cite to the dictionary definition of a roof as "the covering that forms the top of the building." (Doc. 14 PgID. 100). While Plaintiffs may be correct in that a roof is not a structure or device that supports the building or other structure, and thus not subject to the

6

exclusion, Defendant points out that a large majority of the claimed loss are to structural components. Plaintiffs had two repair estimates conducted by different companies, and both include repairs to structural components such as "trusses," "pillars," and "foundation material." (Doc. 18-2 PgID. 122-24). In the Court's view, Plaintiffs' claimed loss to these aforementioned structural components arising out of the weight of water or ice fall squarely within the exclusion.

That said, the Court is not convinced the claimed loss arose out of the weight of water or ice. Plaintiffs' complaint states that a layer of ice formed on the roof in December of 2022. Then as the winter progressed, the roof was covered with more and more snow, until early February when Plaintiffs noticed the roof had begun to deflect. A review of the Apex investigation report shows that in December of 2022, Sioux Falls received 19.4 inches of snow and then an additional 19.1 inches of snow in January 2023—more than double the code roof snow load for this area. (Doc. 10-2 PgID 73). A reasonable inference from these facts, is that Plaintiffs' claimed loss arose from the weight of the snow and not the ice. Thus, Plaintiffs' claimed loss is covered under the Policy and Defendnts failure to pay the Policy benefits is a breach resulting in damages to Plaintiffs.

As this case progresses, it will be Plaintiffs' burden to prove the above inference, i.e., the differentiation of snow from water and ice, and that the claimed

loss arose from the weight of snow and not water or ice, however, at the pleading stage, Plaintiffs have met their burden.

As an additional matter, Defendant, with its engineer report is really attempting to turn this Motion to Dismiss into a Motion for Summary Judgment. Now is not yet the time for Summary Judgment or trial on the merits consideration. In revieing the record, assuming the facts in the complaint are true, and construing all reasonable inferences in favor of the non-moving party the Court finds that the Plaintiff has met its burden under rules 8(a) and 12(b)(6) with respect to Count I, alleging breach of contract. Therefore, the Court denies Defendant's motion to dismiss Count I.

**2. Declaratory Judgement**

The Declaratory Judgment Act states, "[i]n a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, *whether or not further relief is or could be sought.*" 28 U.S.C. § 2201(a) (emphasis added). In determining whether declaratory relief is appropriate, "[d]istrict courts are afforded broad discretion." *Marty H. Segelbaum, Inc. v. MW Capital, LLC*, 673 F. Supp. 2d 875, 882 (D. Minn. 2009) (citing *Alsager v. Dist. Court of Polk Cty.*, 518 F.2d 1160, 1163 (8th Cir. 1975)); *see also* Fed. R.

Civ. P. 57 ("The existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate.").

Defendant argues that the declaratory relief sought is duplicative of the Plaintiffs' breach of contract claim because the two claims seek the same relief. Moreover, because the prospect for further relief is merely speculative, there is no actual controversy. "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *Dziadek v. Charter Oak Fire Ins. Co.*, No. 11-4134, 2015 WL 7760193, at *4 (D.S.D. Dec. 1, 2015) (citing *Already, L.L.C. v. Nike, Inc.*, 568 U.S. 85, 133 S. Ct. 721, 726-27 (2013) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (per curiam))).

In the case at bar, the issues are certainly "live." Both the breach of contract claim, and the bad faith claim remain unresolved and hotly contested, and Plaintiffs have a significant monetary and emotional interest in the outcome. While there is overlap of the factual issues relevant to the resolution of the breach of contract claim and the declaratory judgment, the relief available is not identical. There are defenses available for breach of contract that are not available for declaratory judgments. Additionally, damages for breach for breach of contract must be clearly ascertainable in both nature and origin. SDCL § 21-2-1.

Finally, contrary to Defendant's argument, a declaratory judgment here may indeed be a predicate for further relief. In Defendant's initial letter to Plaintiffs denying their claim dated April 17, 2023, Defendant's stated reason was that the roof framing was not compliant with code and that the deflection was due to faulty construction and not caused from the snow load. Now in this motion to dismiss, Defendants rely on a different exclusion claiming that the loss is not covered because it was the weight of ice that caused the deflection. Similar to this Court's ruling in *Dziadek*, entry of declaratory judgment on count II may have a nexus to the other claims alleged by Plaintiffs.

The Court finds Plaintiffs' request for declaratory judgment is not duplicative nor moot. Therefore, the Court denies Defendant's motion to dismiss Count II.

**3. Bad Faith**

Insurance bad faith is based on the legal principal that "[e]very contract contains an implied covenant of good faith and fair dealing that prohibits either contracting party from preventing or injuring the other party's right to receive the agreed benefits of the contract." *Zochert v. Protective Life Ins. Co.*, 2018 SD 84, ¶ 22 921 N.W.2d 479, 486 (citing *Schipporeit v. Khan*, 2009 SD 96, ¶ 7, 775 N.W.2d 503, 505 (quoting *Farm Credit Servs. of Am. v. Dougan*, 2005 SD 94, ¶ 8, 704 N.W.2d 24, 28)). The South Dakota Supreme Court has long recognized a cause of

action for first-party bad faith and set forth the following test that has been reaffirmed on several occasions:

> [F]or proof of bad faith, there must be an absence of a reasonable basis for denial of policy benefits [or failure to comply with a duty under the insurance contract] and the knowledge or reckless disregard [of the lack] of a reasonable basis for denial, implicit in that test is our conclusion that the knowledge of the lack of a reasonable basis may be inferred and imputed to an insurance company where there is a reckless disregard of a lack of reasonable basis for denial or a reckless indifference to facts or to proofs submitted by the insured.
>
> Under these tests of the tort of bad faith, an insurance company, however, may challenge claims which are fairly debatable and will be found liable only where it has intentionally denied (or failed to process or pay) a claim without a reasonable basis.

*Dakota, Minn. & E.R.R. Corp. v. Acuity (DM &E)*, 2009 SD 69, ¶ 17, 771 N.W.2d 623, 629 (citing *Walz v. Fund Ins. Co.*, 556 N.W.2d 68, 70 (S.D. 1996); (quoting *Champion v. United States Fidelity & Guaranty Co.*, 399 N.W.2d 320, 324 (S.D. 1987) (alterations in the original))).

"An insurer's violation of its duty of good faith and fair dealing constitutes a tort, even though it is also a breach of contract." *Stene v. State Farm Mut. Auto. Ins. Co.*, 1998 SD 95, ¶ 19, 583 N.W.2d 399, 403 (citing *Champion*, 399 N.W.2d at 322); *see also Dakota, Minn. & E.R.R. Corp.*, 2009 SD 69, ¶ 18, 771 N.W.2d at 629 (quoting *Hein v. Acuity*, 2007 SD 40, ¶ 10, 731 N.W.2d 231, 235 (alteration in original)). The typical situation of bad faith is when an insurance company "consciously engages in wrongdoing during its *processing* or *paying* of policy

benefits to its insured." *Dakota, Minn. & E.R.R. Corp.*, 2009 SD ¶ 18, 771 N.W.2d at 629 (quoting *Hein*, 2007 SD ¶ 10, 731 N.W.2d at 235). Thus, the Supreme Court of South Dakota has expanded bad faith claims to "situations beyond mere denial of policy benefits." *Hein*, 2007 SD ¶ 13, 731 N.W.2d at 236 (citing *Julson v. Federated Mut. Ins. Co.*, 1997 SD 43, ¶ 6, 562 N.W.2d 117, 119). Indeed, insurers can be liable for bad faith stemming from a wide range of conduct. *See Walz*, 556 N.W.2d at 70 (recognizing bad faith may include a failure to conduct a reasonable investigation); *Dakota, Minn. & E.R.R. Corp.*, SD 2009 ¶ 19, 771 N.W.2d at 629 (stating "[a] bad faith claim ... may be based on a "failure to comply with a duty under the insurance contract[.]").

Nevertheless, an insurance company may "challenge claims which are fairly debatable and will be found liable only where it has intentionally denied (or failed to process or pay) a claim without a reasonable basis." *Dakota, Minn. & E.R.R. Corp.*, 2009 SD ¶ 17, 771 N.W.2d at 629 (quoting *Walz*, 556 N.W.2d at 70); *see also Adam v. Stonebridge Life Ins. Co.*, 612 F.3d 967, 975 (8th Cir. 2010) (noting there must be an objective reasonable basis to deny coverage). "However, a frivolous or unfounded refusal to comply with a duty under an insurance contract constitutes bad faith." *Hein*, 2007 SD ¶ 10, 731 N.W.2d at 235.

Here, Defendant argues that because the claimed loss is expressly excluded under the Policy, all of Plaintiffs' alleged claims, including bad faith, fail. (Doc. 17

PgID. 109). Defendant is mistaken, however. Even if Plaintiffs' claimed loss is excluded under the Policy—which the Court has found sufficient facts, accepted as true, to plausibly support a claim that it is not excluded—Plaintiffs may still pursue a claim for bad faith arising from other conduct. As stated above, insurance bad faith may be based on the absence of a reasonable basis to comply with *any* duty under the insurance contract. Indeed, Plaintiffs' claim of bad faith includes both the alleged wrongful denial of coverage and other actionable conduct. The parties must remember that this case is at the pleading stage, not later.

Keeping that in mind, the Court finds the Plaintiffs have met the pleading requirements of Rules 8(a) and 12(b)(6) with respect to Count III, alleging insurance bad faith. Therefore, the Court denies Defendant's motion to dismiss Count III. Accordingly, IT IS ORDERED that:

1. Defendant's motion to dismiss Plaintiffs' breach of contract claim is denied.

2. Defendant's motion to dismiss Plaintiffs' request for declaratory judgement is denied.

3. Defendant's motion to dismiss Plaintiffs' bad faith claim is denied.

Dated this 5th day of December, 2024.

BY THE COURT:

Lawrence L. Piersol
United States District Judge