# UNITED STATES DISTRICT COURT

# DISTRICT OF SOUTH DAKOTA

# SOUTHERN DIVISION

| | |
|---|---|
| **LAURA KOTELMAN, and PAUL KOTELMAN,** | **4:24-CV-04066-RAL** |
| **Plaintiffs,** | |
| **vs.** | **ORDER ON MOTION TO COMPEL** |
| **FARM BUREAU FINANCIAL SERVICES,** | |
| **Defendant.** | |

The Court held an in person hearing with counsel on Laura and Paul Kotelman's ("Kotelmans") motion to compel. The Kotelmans seek to compel Farm Bureau Financial Services ("Farm Bureau") to provide sufficient responses to: Interrogatory Numbers 3, 5, 7, and 10 and Request for Production ("RFP") Numbers 4, 9, 11, 12, 14, 19, 23, 24, and 25.[1]

Having heard the statements and arguments of counsel and considered the records now on file, the Court grants the motion in part and denies it in part, and declines to award any attorney's fees.

---

[1] Dkt. Nos. 27, 28.

## DISCUSSION

**Christopher Talley**

The interrogatory signature block reflects that Christopher Talley is the Business Center Claims Manager. Rule 33 of the Federal Rules of Civil Procedure permits a corporate party representative to verify the corporate interrogatory answers.[2] The disclosure of anything more about Talley is unnecessary.

**Interrogatory 3: Bad faith insurance/breach of contract cases filed against Farm Bureau from January 1, 2019 to the present.**

*Schultz v. Sentinel Ins. Co., Ltd*[3] addresses Farm Bureau's substantive objection. The interrogatory, although broad, is like those approved by other judges in this district.[4] It should, however, be limited in scope to cases filed since 2020 and to cases within the states of South Dakota, North Dakota, Minnesota, Wyoming, Montana, Nebraska, and Iowa.

The motion, as it pertains to Interrogatory 3, is granted in part, and denied in part; the scope of the interrogatory is modified to the time and geographic limitations just mentioned.

**Interrogatory 5: Documents Farm Bureau is aware of in the possession of others.**

If Farm Bureau will verify that it is not aware of any documents, it does not have, being in the possession of another person or entity, then the interrogatory will be satisfied and the issue rendered moot. Of course, if Farm Bureau later becomes aware of documents in the hands of a third-party, it must supplement its response to this

---

[2] Fed. R. Civ. P. 33.
[3] *Schultz v. Sentinel Ins. Co., Ltd*, No. 4:15-CV-04160, 2016 WL 3149686, at *9 (D.S.D. June 3, 2016) (internal citation omitted).
[4] *See, e.g., Hirschman v. Agraria Ins. Co.*, No. 4:23-CV-04123-KES, 2024 WL 4068745, at *7 (D.S.D. Sept. 5, 2024).

interrogatory. The motion, as it relates to Interrogatory 5, is denied if these conditions are met.

### Interrogatory 7: Identification of certain IT persons or companies.

Farm Bureau claims that this interrogatory is improper discovery on discovery. The Court disagrees. The identification request appears to be consistent with those upheld in *Collins v. St. Paul Fire & Marine Ins. Co.*[5] and *Gowan v. Mid Century Ins. Co.*[6] It is relevant to Farm Bureau's claims processes. The person or entities sought are likely to provide information and perhaps data pertinent to those processes. The motion, to the extent it concerns Interrogatory 7, is granted in part and denied in part; the scope of the interrogatory though is limited to those persons or entities Farm Bureau has employed or used since 2020.

### Interrogatory 10: Claims Farm Bureau requested Trenton Nelson and Apex Structural Design to inspect and in which they prepared reports on property damage from January 1, 2015 to the present.

Nelson and Apex's history with Farm Bureau is relevant to understanding Farm Bureau's claims handling processes when one or both are retained. What the inspections consisted of, the nature of the damage to the homes they inspected, their analysis, and ultimate conclusions are relevant to the Kotelmans' bad faith claim.

It seems unfair to prevent the Kotelmans from obtaining information about Farm Bureau's history with Nelson and Apex when Farm Bureau relied on them to deny the Kotelmans' claim. The motion, as it relates to Interrogatory 10, is granted in part and

---

[5] *Collins v. St. Paul Fire & Marine Ins. Co.*, No. 5:15-CV-05047-JLV, 2016 WL 5794722, at *1 (D.S.D. Sept. 30, 2016).
[6] *Gowan v. Mid Century Ins. Co.*, 309 F.R.D. 503, 515 (D.S.D. 2015).

denied in part; the answering scope of the interrogatory is, however, limited to roof damage claims only.

**RFP 4: Personnel files of Farm Bureau employees involved in the handling of Kotelmans' claim.**

Such files have been determined to be discoverable by courts in this district.[7]

Just because Farm Bureau does not utilize financial incentives and relied on a structural engineer (Nelson) to deny Kotelmans' claim, does not mean that the personnel records of the employees involved in the claim are not discoverable. That information goes to the propriety of the claims handling process. The request should though include broader redactions, such as dates of birth, social security numbers, family member information, and other personal information regarding any such employees. The motion, as it pertains to RFP 4, is granted; but the RFP is modified to exclude certain personal and identifying information of Farm Bureau's employees.

**RFP 9: Documents informing employees of salary increases, bonuses, and commissions.**

If Farm Bureau is willing to verify it does not have, and never has had, any such documents since 2020, then the response will be deemed satisfied and the issue rendered moot. The motion, insofar as it concerns RFP 9, is denied, if these conditions are met.

---

[7] *See, e.g., Leichtnam v. Am. Zurich Ins. Co.*, No. 5:15-CV-05012-JLV, 2018 WL 4701353, at *1 (D.S.D. Sept. 30, 2018); *Dziadek v. Charter Oak Fire Ins. Co.*, No. CIV 11-4134-RAL, 2014 WL 820049, at *7 (D.S.D. Mar. 3, 2014) (quotations omitted) (collecting cases): *Lyon v. Bankers Life & Cas. Co.*, CIV. 09–5070–JLV, 2011 WL 124629 at *8 (D.S.D. Jan. 14, 2011); *Tovares v. Gallagher Bassett Servs., Inc.*, No. 5:16-CV-05051, 2020 WL 4740455, at *1 (D.S.D. Aug. 14, 2020).

**RFP 11: Transcripts of testimony of Farm Bureau employees in any suits involving bad faith, breach of contract, fraud, deceit, or unfair claims practices from January 1, 2019 to the present.**

This request seems to track with those approved in *Hirschman v. Agraria Ins. Co.*[8] and *Bogensberger v. USAA Cas. Ins. Co.*[9]

In their reply and at the hearing, the Kotelmans offered to narrow the scope of this request, which appears to be called for. The motion, as to RFP 11, is granted, but the scope of the RFP is limited to those cases brought in South Dakota, North Dakota, Minnesota, Wyoming, Montana, Nebraska, and Iowa, since 2020.

**RFP 12: Complaints made to state insurance regulators.**

Such complaints have been previously allowed by judges in this district.[10] Farm Bureau offers no compelling argument to deny this request.

The motion, insofar as it applies to RFP 12, is granted; but the answering scope of the RFP is confined to homeowner's insurance complaints made against Farm Bureau in South Dakota, North Dakota, Minnesota, Wyoming, Montana, Nebraska, and Iowa, since 2020.

**RFP 14: All reports from Nelson and Apex from January 1, 2019, to the present.**

The Court's decision relating to Interrogatory 10 applies with equal force to this RFP. Consistent with the Court's ruling on that interrogatory, the motion, as to RFP 14, is granted; but the RFP is restricted to roof claims since 2015.

---

[8] *Hirschman*, 2024 WL 4068745, at *7.

[9] *Bogensberger v. USAA Cas. Ins. Co.*, 4:21-CV-04064, 2024 WL 3415892, at *6 (D.S.D. July 15, 2024).

[10] *See, e.g., Hirschman*, 2024 WL 4068745, at *7; *Collins*, 2016 WL 5794722, at *1; *Lyon*, 2009 WL 124629 at *8; *Beyer v. Medico Insurance Group*, 266 F.R.D. 333 (D.S.D. 2009).

**RFP 19: Documents pertaining to weather-related property damage claims that Grant Sherman investigated within the past seven years.**

Grant Sherman is the primary adjuster on the Kotelmans' claim. He was directly involved in the decision to deny their claim. How he has handled weather-related property claims in the past is relevant, particularly in the bad faith context. This request is consistent with the one in *Dziadek v. Charter Oak Fire Ins. Co.*[11] The motion, relating to RFP 19, is granted in part and denied in part; the scope of the RFP is, however, limited to weather-related homeowners' claims since 2020. And any personal information (such as date of birth, social security number, family member information, and other personal information) must be redacted, consistent with the Court's prior rulings.

**RFP 23: Re-insurance or co-insurance agreements between Farm Bureau and other entities related to property damage claims.**

Farm Bureau tries to limit this request to re-insurance policies applicable to Kotelmans' property damage claim. *Beyer v. Medico Insurance Group*[12] seems to say that the information requested is relevant. Any objection to the request on confidentiality grounds is foreclosed by the protective order in place. If there are no such agreements, then Farm Bureau should say so; if agreements existed, or are in force now, they should be produced; but only since 2020 and for homeowner's claims.

The motion, pertaining to RFP 23, is granted; but the scope of the RFP is limited to agreements relating to homeowners' claims since 2020.

---

[11] *Dziadek*, 2014 WL 820049, at *7.
[12] *Beyer*, 266 F.R.D. 333.

**Request for Production 24: Advertisements and marketing materials since January 1, 2015.**

Whether the Kotelmans relied on such materials, assuming there are materials, is not the issue. Instead, the issue is whether the materials are relevant. The Court believes they are. They can be put next to, and compared with, Farm Bureau's conduct in connection with the Kotelman's claim to determine consistency. *Lyon v. Bankers Life & Cas. Co.*,[13] *McElgunn v. CUNA Mut. Grp.*,[14] and *Tovares v. Gallagher Bassett Servs., Inc.*[15] support the Kotelmans' position that materials of this kind, with limitations, are discoverable. With this in mind, the motion, for RFP 24, is granted in part and denied in part; the time period of the RFP though is restricted to materials since 2020 that relate to homeowner's insurance.

**RFP 25: Farm Bureau's newsletters since January 1, 2015.**

Much of the discussion had with respect to RFP 24 carries over to RFP 25, the newsletter request. And so do some of the cases.[16] Other local cases support disclosure of such information as well.[17] The Court sees no reason to deviate from what it did for the marketing materials or from applicable decisions handed down by judges in this district. The motion, for RFP 25, is therefore granted in part and denied in part; but the RFP 25 is limited to newsletters issued since 2020 that mention or discuss homeowner's insurance.

**Attorney's fees.**

The Kotelmans' request that the Court award them attorney's fees under Federal Rule of Civil Procedure 37(a)(5). It appears their compel motion was granted in part and

---

[13] *Lyon*, 2009 WL 124629 at *8.

[14] *McElgunn v. CUNA Mut. Grp.*, No. CIV. 06-5061-KES, 2009 WL 1514398, at *8 (D.S.D. May 27, 2009).

[15] *Tovares*, 2020 WL 4740455, at *1.

[16] *See, e.g., Lyon*, 2009 WL 124629 at *8; *Tovares*, 2020 WL 4740455, at *1.

[17] *See, e.g., Leichtnam*, 2018 WL 4701353, at *1; *Collins*, 2016 WL 5794722, at *1.

denied in part, making Rule 37(a)(5)(C) the applicable provision. After careful consideration, the Court declines to award attorney's fees. And in so ruling, the Court finds that, although the Kotelmans prevailed in large part, they did not do so without limitations and carveouts. The Court also finds that the restrictions and pair downs were substantially justified and that Farm Bureau's objections were at least debatable and not frivolous. At any rate, an award of fees would be unjust under the circumstances. The request for attorney's fees is accordingly denied.

## ORDER

ORDERED that the Kotelmans' motion to compel[18] is granted in part and denied in part. Farm Bureau must respond to the interrogatories and RFPs discussed in this order by January 2, 2026. It is further

ORDERED that the Kotelmans' request for attorney's fees is denied.

## NOTICE

A party may seek reconsideration of this order before a district judge upon a showing that the order is "clearly erroneous or contrary to law."[19] The parties have 14 days after service of the order to file written objections unless an extension of time for good cause is obtained.[20] Failure to file timely objections will result in the waiver of a party's right to appeal questions of fact.[21] Objections must be specific to trigger review.[22]

---

[18] Dkt. No. 27.

[19] 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a).

[20] *See* Fed. R. Civ. P. 72(a).

[21] *Id.*

[22] *See Thompson v. Nix*, 897 F.2d 356, 357-58 (8th Cir. 1990); *Nash v. Black*, 781 F.2d 665, 667 & n.3 (8th Cir. 1986).

DATED this 22nd day of October, 2025.

BY THE COURT:

MARK A. MORENO

UNITED STATES MAGISTRATE JUDGE