UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| LAURA KOTELMAN, PAUL KOTELMAN,<br><br>Plaintiffs,<br><br>vs.<br><br>FARM BUREAU FINANCIAL SERVICES,<br><br>Defendant. | 4:24-CV-04066-RAL<br><br><br>OPINION AND ORDER ON PENDING<br>MOTIONS |

Following a dispute over insurance coverage for residential property roof damage, Plaintiffs Laura Kotelman and Paul Kotelman (the Kotelmans) filed a Complaint against Defendant Farm Bureau Financial Services (Farm Bureau) invoking diversity jurisdiction and seeking damages for breach of contract and bad faith, as well as a declaratory judgment requiring Farm Bureau "to remit at least the $423,100 in dwelling coverage available under the Policy to the Kotelmans." Doc. 1; see also Doc. 13 (Amended Complaint). Farm Bureau filed a motion to dismiss, Doc. 8, which was denied by the Honorable Lawrence L. Piersol on December 5, 2024. Doc. 19.

On April 1, 2025, the Kotelmans filed a motion to compel Farm Bureau to provide sufficient responses to four of their interrogatories and nine of their requests for production. Doc. 27. On July 8, as the motion was still pending, the Kotelmans filed an unopposed motion to amend the scheduling order. Doc. 39. Judge Piersol granted the motion to amend and extended the

discovery deadline to October 15, 2025, and the motions deadline to November 21, 2025. Doc. 40.

On August 26, before a ruling on the motion to compel, Farm Bureau filed a motion for summary judgment. Doc. 41. Farm Bureau also filed a motion to exclude the expert testimony of the Kotelmans' structural engineering expert, Keith Stroh. Doc. 45. Shortly thereafter, the Kotelmans disclosed Stroh's rebuttal report, which prompted Farm Bureau to file a motion to strike the rebuttal report as untimely. Doc. 47. On September 8, the Kotelmans moved this Court under Federal Rule of Civil Procedure 56(d) to request denial of Farm Bureau's motion for summary judgment while discovery is ongoing. Doc. 50. The Kotelmans filed a response to Farm Bureau's statement of material facts and memoranda in opposition to Farm Bureau's motion for summary judgment, motion to exclude expert testimony, and motion to strike the rebuttal report. Docs. 53, 54, 55. Farm Bureau subsequently filed replies to each of the memoranda in opposition. Docs. 57, 58, 59. Farm Bureau opposes the Kotelmans' motion for relief pursuant to Rule 56(d). Doc. 60.

On October 22, 2025, following a hearing, Magistrate Judge Mark A. Moreno issued an order granting in part and denying in part the Kotelmans' motion to compel, Doc. 27. Doc. 65. Judge Moreno ordered that Farm Bureau provide sufficient responses to the following: (1) Interrogatory 3 as limited in chronological and geographic scope; (2) Interrogatory 5, which will be satisfied if Farm Bureau verifies that it is not aware of any documents in the possession of others; (3) Interrogatory 7 as limited in chronological scope; (4) Interrogatory 10 as limited in scope to roof damage claims only; (5) Request for Production (RFP) 4 as modified to exclude certain personal and identifying information; (6) RFP 9, which will be satisfied if Farm Bureau is willing to verify it does not have, and has never had such documents since 2020; (7) RFP 11 as

2

limited in chronological and geographic scope; (8) RFP 12 as limited in chronological and geographic scope; (9) RFP 14 as limited in scope to roof damage claims only; (10) RFP 19 as limited to homeowners' claims since 2020 and redacting personal information; (11) RFP 23 as limited in chronological scope; (12) RFP 24 as limited to materials related to homeowner's insurance since 2020; and (13) RFP 25 as limited to newsletters that mention or discuss homeowner's insurance since 2020. Id. at 2–7. Judge Moreno denied the Kotelmans' request for an award of attorney's fees pursuant to Federal Rule of Civil Procedure 37(a)(5) because "although the Kotelmans [had] prevailed in large part, they did not do so without limitations and carveouts." Id. at 7–8. Judge Moreno ordered Farm Bureau to respond to these interrogatories and RFPs by January 2, 2026. Id. at 8. This Court now rules on the remaining pending motions.

## I.    Motion for Relief Pursuant to Rule 56(d)

The Kotelmans have moved pursuant to Federal Rule of Civil Procedure 56(d) to seek denial of Farm Bureau's motion for summary judgment as premature, coming while discovery is ongoing. Doc. 50. Farm Bureau opposes this motion. Doc. 60.

Summary judgment is proper "only after the nonmovant has had adequate time for discovery." Hamilton v. Banes, McCullen, Butler, Foye & Simmons, L.L.P., 687 F.3d 1045, 1049 (8th Cir. 2012) (cleaned up and citation omitted). Rule 56(d) allows a court to "defer considering a summary judgment motion or allow time for discovery '[i]f a nonmovant shows by affidavit or declaration that, for specific reasons, it cannot present facts essential to justify its opposition.'" Anzaldua v. Ne. Ambulance & Fire Prot. Dist., 793 F.3d 822, 836 (8th Cir. 2015) (quoting Fed. R. Civ. P. 56(d)). A party requesting discovery under Rule 56(d) must show: "(1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are essential to resist the summary

3

judgment motion." Marlow v. City of Clarendon, 78 F.4th 410, 416 (8th Cir. 2023) (citation omitted). The affidavit must "state with specificity what evidence further discovery would uncover." Anzaldua, 793 F.3d at 837. "[U]nspecific assertion[s] [are] insufficient." Id. "If a party fails to carry its burden, postponement of a ruling on a motion for summary judgment is unjustified." Marlow, 78 F.4th at 416 (cleaned up and citation omitted).

The Kotelmans argue that this Court should grant their motion under Rule 56(d) and deny Farm Bureau's summary judgment motion as the Kotelmans still seek specific facts, these facts exist and are within Farm Bureau's control, and the facts are essential to oppose summary judgment. Doc. 51. Within their motion, the Kotelmans identify interrogatories and requests for production that they argue Farm Bureau had refused to sufficiently address; answers and responses to each of these interrogatories and requests for production have since been compelled at least in part by Judge Moreno. See Doc. 51 at 4–5; Doc. 65. The Kotelmans list several depositions of Farm Bureau personnel and Farm Bureau's experts they still wish to conduct to develop the factual record on the alleged exclusions and claims handling. Doc. 51 at 8–10. Within their memorandum, the Kotelmans highlight decisions granting "56(d) motions in contexts where the plaintiff still needs to depose the insurer's employees to oppose summary judgment," as well as the fact that Farm Bureau has already had the opportunity to depose the Kotelmans and their expert witnesses. Id. at 11 (citing Sanders v. Progressive Preferred Ins. Co., No. 2:21-cv-00146, 2022 WL 204611, at *3 (D. Utah Jan. 24, 2022); Grey Oaks Country Club, Inc. v. Zurich Am. Ins. Co., No. 2:18-cv-639FtM-99NPM, 2019 WL 5802513, at *4 (M.D. Fla. Nov. 7, 2019); Voisey v. State Farm Fire & Cas. Co., Civil Action No. 06-7635, 2008 WL 440328, at *2 (E.D. La. Feb. 12, 2008)). The Kotelmans also filed an affidavit describing the specific facts they still sought, which "primarily

relate to the alleged exclusions upon which Farm Bureau relies and Farm Bureau's claims handling." Doc. 51 at 8; Doc. 52.

Farm Bureau opposes the Kotelmans' motion and argues that the Kotelmans request the "'opportunity' to conduct additional discovery, not that additional discovery is necessary to present facts to oppose Farm Bureau's Motion for Summary Judgment." Doc. 60 at 1. Farm Bureau further argues that (1) additional discovery is not necessary to interpret the language of the Policy and will not change the Kotelmans' inability to present admissible expert testimony given the expiration of the expert disclosure deadline; (2) the facts in the record confirm that Farm Bureau did not breach the contract or commit bad faith as at all times Farm Bureau possessed an objectively reasonable basis to deny the Kotelmans' claim, the Kotelmans' request for additional discovery is an improper fishing expedition, and the Kotelmans have not presented any expert testimony to establish that the roofing system was constructed in compliance with the applicable code or evidence to establish the existence of an accidental direct physical loss; and (3) the Kotelmans have had adequate time for discovery. Id. at 1–11.

"Where the unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate." Mansker v. TMG Life Ins. Co., 54 F.3d 1322, 1326 (8th Cir. 1995) (citation omitted). Additional discovery under Rule 56(d) is typically unnecessary when a motion for summary judgment presents a purely legal question like contract interpretation. See GEICO Cas. Co. v. Isaacson, 932 F.3d 721, 726–27 (8th Cir. 2019) (finding district court did not abuse discretion in denying additional discovery under Rule 56(d) because Missouri law prohibits introduction of extrinsic evidence to interpret unambiguous contract); Broadway Ford Truck Sales, Inc. v. Depositors Ins. Co., No. 4:20-CV-00999, 2021 WL 2075545, at *2 (E.D. Mo. May 24, 2021) (denying motion for discovery under Rule 56(d) where issue was matter of contract

interpretation); <u>Hillshire Brands Co. v. Travelers Cas. & Sur. Co.</u>, No. 15 C 06859, 2016 WL 6892885 at *2 (N.D. Ill. Nov. 23, 2016) ("[T]he Court should deny the Rule 56(d) motion only if the issues at stake are purely legal such that no facts could make a difference in the outcome of the case."); <u>Sabeerin v. Fassler</u>, No. 1:16-cv-00497, 2021 WL 1227726, at *4 (D.N.M. Apr. 1, 2021) (denying motion for Rule 56(d) discovery on "purely legal question of whether officers had arguable probable cause" to conduct a search).

Here, Farm Bureau seeks summary judgment by arguing that it is undisputed that the Kotelmans' roof "was not designed or constructed to withstand the minimum design snow load," so the Kotelmans' breach of contract claim fails; the Kotelmans have incorrectly interpreted the policy; the Kotelmans have not presented any evidence to quantify the weight of ice on the roof and the weight of snow is irrelevant because "the evidence confirms the roof was not structurally sound"; and because Farm Bureau had a reasonable basis for its denial, the Kotelmans' bad faith claim fails. Doc. 42 at 17–30. Thus, Farm Bureau's motion for summary judgment, even as it characterizes the arguments, presents at least some questions of fact subject to discovery such as the design of the roof and whether it could withstand snow loads, what caused the roof failure, and whether Farm Bureau had a reasonable basis for denial.

Having reviewed the Kotelmans' motion and affidavit, as well as Judge Moreno's order directing Farm Bureau to produce a significant amount of additional information, this Court concludes that (1) the Kotelmans "have set forth in affidavit form the specific facts that they hope to elicit from further discovery," much of which was recently ordered at least in part by Judge Moreno, "(2) that the facts sought exist, and (3) that these sought-after facts are essential to resist the summary judgment motion." <u>Marlow</u>, 78 F.4th at 416. Therefore, this Court grants the Kotelmans' motion for relief pursuant to Rule 56(d), Doc. 50, and denies at this time Farm

6

Bureau's motion for summary judgment, Doc. 41, though Farm Bureau may re-file the motion after discovery is complete.

## II.    Motion to Exclude Expert Testimony of Keith Stroh and Motion to Strike Rebuttal Report of Keith Stroh

Farm Bureau has also moved to exclude the expert testimony of the Kotelmans' expert, Keith Stroh, Doc. 45, and to strike the rebuttal report of Keith Stroh, Doc. 47. The Kotelmans oppose both requests. Doc. 55.

### A.  Motion to Exclude Expert Testimony

Rule 702 permits a "witness who is qualified as an expert by knowledge, skill, experience, training, or education" to give opinions in testimony if

> it is more likely than not that: (a) the expert's . . . other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702. Rule 702 is a rule of inclusion, so long as the standards within the rule are met. Sappington v. Skyjack, Inc., 512 F.3d 440, 448 (8th Cir. 2008); Lauzon v. Senco Prods., Inc., 270 F.3d 681, 686 (8th Cir. 2001). In Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993) and again in Kumho Tire Co. v. Carmichael, 526 U.S. 137 (1999), the Supreme Court instructed the district court on its gatekeeper function to exclude unreliable or unhelpful expert testimony. This gatekeeper function is particularly important to determine what expert testimony to allow a jury to hear and at times requires a "Daubert hearing" prior to admission of the testimony.

The Eighth Circuit has distilled Rule 702's "screening requirement" to three factors: (1) the testimony must be relevant, that is, helpful to the jury in deciding the ultimate issue of fact; (2) the expert must be qualified; and (3) the expert's opinions "must be reliable or trustworthy in an evidentiary sense." Amador v. 3M Co. (In re Bair Hugger Forced Air Warming Devices Prods.

7

Liab. Litig.), 9 F.4th 768, 777 (8th Cir. 2021) (cleaned up and citation omitted). "The standard for judging the evidentiary reliability of expert evidence is lower than the merits standard of correctness." Id. (cleaned up and citation omitted). The reliability of the expert's principles and methods can be judged by several factors, including (1) whether the scientific theory or technique can (and has been) tested; (2) whether the theory or technique has been published and undergone peer review; (3) whether the technique has a known or potential rate of error; (4) whether the theory or technique is generally accepted within the relevant scientific community; (5) whether the expertise was developed for litigation or flowed from the expert's research; (6) whether the expert ruled out alternative explanations; and (7) whether the expert sufficiently connected his testimony to the facts of the case. Daubert, 509 U.S. at 593–94; Lauzon, 270 F.3d at 687. This is a non-exhaustive list, and courts may use or reject these factors as the case requires. Russell v. Whirlpool Corp., 702 F.3d 450, 456 (8th Cir. 2012).

A district court's inquiry under Rule 702 is "a flexible one," focusing on the "principles and methodology" the expert used rather than the correctness of the expert's conclusions. Daubert, 509 U.S. at 594–95. The rule favors admissibility, Johnson v. Mead Johnson & Co., LLC, 754 F.3d 557, 562 (8th Cir. 2014); Lauzon, 270 F.3d at 686, and courts should exclude an expert's opinion "only if it is so fundamentally unsupported that it can offer no assistance to the jury." Sappington, 512 F.3d at 448 (citation omitted). "As long as the expert's scientific testimony rests upon 'good grounds, based on what is known' it should be tested by the adversary process with competing expert testimony and cross-examination, rather than excluded by the court at the outset." Johnson, 754 F.3d at 562 (quoting Daubert, 509 U.S. at 590). Still, courts will not admit opinion testimony "that is connected to existing data only by the *ipse dixit* of the expert." Gen. Elec. Co. v. Joiner, 522 U.S. 136, 146 (1997); see also Marmo v. Tyson Fresh Meats, Inc., 457

F.3d 748, 758 (8th Cir. 2006) ("When the analytical gap between the data and the proffered opinion is too great, the opinion must be excluded."). The party offering the expert testimony must show its admissibility by a preponderance of the evidence. Lauzon, 270 F.3d at 686. With these standards in mind, this Court turns to Farm Bureau's Daubert motion.

Farm Bureau argues that the Kotelmans have failed to demonstrate that Stroh has the qualifications to render the proposed testimony or that the proposed testimony of Stroh meets the requirements of Rule 702. Doc. 46 at 4. Farm Bureau argues that because Stroh has no experience, education, or training measuring or determining the weight of snow, he lacks the qualification to render an admissible opinion. Id. at 13. Farm Bureau further argues that Stroh's conclusions are unreliable and will not assist the trier of fact because (1) he did not perform any investigation or analysis to determine snow depth or load; (2) he relied on false and unverified information; (3) he ignored relevant information to form his opinion; and (4) his opinion is *ipse dixit* and inadmissible under 702. Id. at 13–23.

The Kotelmans respond by listing Stroh's qualifications, attaching a copy Stroh's curriculum vitae, and reviewing Stroh's methodology when forming his opinion. See Doc. 55 at 6–9. Stroh holds three degrees from South Dakota State University: two bachelor's degrees in agricultural and civil engineering, and a master's degree in structural engineering. Id. at 6. Stroh has worked as an engineer since 1986, a structural engineer since 1996, and an engineering consultant, including doing forensic engineer work, since 2003. Id. Stroh has completed at least twenty-one forensic engineering analyses to date. Id. at 6–7. To write his report in this case, Stroh visited the Kotelmans' house twice, conducted a full examination of the roof configuration, considered weather reports during the time in question, and interviewed the Kotelmans about what they observed. Id. at 7–9. The Kotelmans argue that (1) it is premature for this Court to decide

whether to exclude this expert, (2) Stroh has the appropriate qualifications to render his opinion whether the roof met applicable construction standard and what caused damage to the roof, and (3) Stroh's analysis followed engineering industry standards. Id. at 9–17.

Discovery, as mentioned earlier, is still ongoing in this case. As of now, it appears "more likely than not" that Stroh's testimony could aid a fact finder in understanding issues within the expertise of a structural engineer with forensic engineering experience relating to design, construction and causes of the failure of the Kotelmans' roof. Once discovery is done, this Court anticipates Farm Bureau will renew its motion for summary judgment and perhaps challenge Stroh's expertise then or later in a motion in limine. At this time, Farm Bureau's motion to exclude the expert testimony of Keith Stroh is denied.

### B. Motion to Strike Rebuttal Report

Farm Bureau also requests that this Court strike Stroh's rebuttal report. Doc. 48. Stroh's expert report and opinions were disclosed on March 31, 2025. Id. at 4 (citing Doc. 44-18). Farm Bureau's experts and expert reports were disclosed on June 30. Id. (citing Doc. 44-12). On August 26, Farm Bureau moved for summary judgment. Id. (citing Docs. 41, 45). On August 28, the Kotelmans disclosed Stroh's rebuttal report, which was fifty-nine days after Farm Bureau disclosed its expert reports. Id. at 4, 6.

Federal Rule of Civil Procedure 26(a)(2)(D)(ii) requires that "[a]bsent a stipulation or a court order, [expert] disclosures must be made . . . if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure." Fed. R. Civ. P. 26(a)(2)(D)(ii). The Federal Rules of Civil Procedure also authorize the exclusion of belatedly disclosed expert testimony unless the late disclosure was "substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1);

Firefighter's Inst. for Racial Equal. ex rel. Anderson v. City of St. Louis, 220 F.3d 898, 902 (8th Cir. 2000). "[T]he exclusion of evidence is a harsh penalty and should be used sparingly . . . ." Wegener v. Johnson, 527 F.3d 687, 692 (8th Cir. 2008) (citation omitted). When a party does not fully comply with the expert-disclosure rules, "the district court has wide discretion to fashion a remedy or sanction as appropriate for the particular circumstances of the case." Id. Courts consider four factors when deciding whether belatedly disclosed expert testimony should be excluded: "(1) the importance of the excluded expert testimony; (2) the party's explanation for failure to disclose; (3) the potential prejudice created by permitting use of the expert testimony at trial or on a pending motion; and (4) the ability to cure any prejudice by granting a continuance." Sancom, Inc. v. Qwest Commc'ns Corp., 683 F. Supp. 2d 1043, 1063 (D.S.D. 2010).

Farm Bureau argues that the rebuttal report should be struck because (1) the scheduling order does not expressly permit rebuttal reports; (2) Federal Rule of Civil Procedure 26(a)(2)(D)(ii) requires that rebuttal reports be disclosed thirty days after the opposing parties' expert reports; and (3) Farm Bureau is prejudiced by the Kotelmans' ambushing of Farm Bureau "with this untimely disclosure." Doc. 48 at 2. Farm Bureau further argues that the report should not be allowed as a supplemental report under the scheduling order, and that the report is not based on new information and is an improper attempt to assert new opinions not addressed in the original report. Id. at 6, 8. Farm Bureau requests this Court strike the report given that the Kotelmans have not substantially justified not disclosing the rebuttal report earlier, and its disclosure is not harmless because Farm Bureau has already filed a motion for summary judgment and a motion to exclude Stroh's expert testimony. Id. at 9–13. Farm Bureau further reiterates its argument that Stroh's opinion in the rebuttal report is inadmissible on similar grounds to those stated in its earlier motion to exclude Stroh's expert testimony. Id. at 14–15.

11

The Kotelmans oppose Farm Bureau's motion.  Doc. 55.  The Kotelmans argue that the disclosure of the report did not violate Rule 26.  Id. at 22–24.  Within their motion, the Kotelmans explain they were waiting for a ruling on the motion to compel before deposing Farm Bureau's experts, they did not expect the rebuttal expert deadline to expire before they were able to depose Farm Bureau's experts, and they believed they had an agreement with Farm Bureau that the rebuttal expert deadline would not run until at least twenty-one days from receiving the deposition transcripts of Farm Bureau's experts.  Id.; see id. at 22 ("Kotelmans' counsel believed they had an agreement with opposing counsel that depositions of Farm Bureau experts would follow the Court's decision on the motion to compel.").  The Kotelmans note they had previously agreed to a thirty-day extension of Farm Bureau's expert disclosures so that Farm Bureau might review Stroh's deposition transcript.  Id. at 23.  The Kotelmans argue that they did not expect Farm Bureau to file a motion for summary judgment or a motion to exclude expert testimony prior to the decision on the motion to compel based on their conversations with counsel, and following the motion for summary judgment, they "decided they should disclose Mr. Stroh's opinions in their current form even though he was unable to review the deposition testimony of Farm Bureau's experts."  Id. at 24.

The Kotelmans further argue that an application of the Wegener factors supports denying Farm Bureau's motion to strike.  Id. at 24–27.  Their reason for noncompliance "is explained by the fact the Kotelmans expected their rebuttal expert deadline would follow the same progression as Farm Bureau's."  Id. at 24.  The Kotelmans argue that the rebuttal report is not a surprise to Farm Bureau as it knew that the Kotelmans were waiting to depose its experts until after the decision on the motion to compel and the report responds to an issue covered in Stroh's deposition.  Id. at 25.  The Kotelmans further argue Farm Bureau did not suffer prejudice from this disclosure

12

after the filing of the motions for summary judgment and exclusion of expert testimony because Farm Bureau chose to file those motions in the middle of discovery. Id. at 25–26. The Kotelmans note that no trial has been scheduled and under the most recent amended Scheduling Order, discovery did not close until October 15, 2025.[1] Id. at 26. Finally, the Kotelmans assert there is no evidence of bad faith, and "[t]he opinions of the engineers in this case are critically important," so "[p]recluding Mr. Stroh's rebuttal report would be a miscarriage of justice[] because it would prevent him from explaining his disagreement with Farm Bureau's experts and the support for his opinions on pivotal issues." Id. at 27.

Considering the particular circumstances of this case, this Court finds that the four Sancom factors favor the Kotelmans. First, Stroh's rebuttal testimony is important for the Kotelmans to respond to Farm Bureau's experts. Second, the Kotelmans have explained their reasoning for not disclosing the rebuttal report earlier. In addition, at the time the rebuttal expert report was filed, the most recent scheduling order had extended the discovery deadline, "including expert discovery," to October 15, 2025, without specifying a rebuttal expert report deadline. Doc. 40. Third, allowing the Kotelmans to use Stroh's rebuttal report would not unfairly prejudice Farm Bureau. Farm Bureau has its own engineering expert who can address and refute Stroh's rebuttal report. Fourth, the discovery deadline in the case effectively has been extended until at least January 2, 2026[2] by Judge Moreno's most recent order on the motion to compel. Doc. 27 at 8. This is not one of the rare cases where the "harsh penalty" of excluding the report is appropriate. Wegener, 527 F.3d at 692.

---

[1] The timing of Judge Moreno's decision on the motion to compel has the practical effect of extending this discovery deadline.

[2] The parties are invited to discuss and propose an amended Rule 16 Scheduling Order in light of the delay in ruling on the motion to compel.

### III.    Conclusion

For the reasons stated above, it is

ORDERED that the Kotelmans' motion for relief pursuant to Rule 56(d), Doc. 50, is granted. It is further

ORDERED that Farm Bureau's motion for summary judgment, Doc. 41, is denied, though Farm Bureau may re-file such a motion upon the conclusion of discovery. It is further

ORDERED that Farm Bureau's motion to exclude expert testimony of Keith Stroh, Doc. 45, is denied. It is further

ORDERED that Farm Bureau's motion to strike rebuttal report of Keith Stroh, Doc. 47, is denied.

DATED this 5th day of November, 2025.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE