UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| LAURA KOTELMAN, PAUL KOTELMAN, Plaintiffs, vs. FARM BUREAU FINANCIAL SERVICES, Defendant. | 4:24-CV-04066-RAL OPINION AND ORDER OVERRULING OBJECTIONS TO MAGISTRATE JUDGE ORDER |

Plaintiffs Laura Kotelman and Paul Kotelman (the Kotelmans) sued Defendant Farm Bureau Financial Services (Farm Bureau) over an insurance coverage dispute. Doc. 1; see also Doc. 13 (Amended Complaint). After Magistrate Judge Mark A. Moreno on October 22, 2025, granted in part the Kotelmans' motion to compel, Farm Bureau complied in part and then on February 20, 2026, sought reconsideration of the ruling on Request for Production 19 based on newly-discovered information and a recent opinion in the District of South Dakota concerning a discovery dispute. Doc. 74. This Court referred the motion to reconsider to Judge Moreno, who issued an order denying the motion to reconsider. Doc. 81. Farm Bureau has objected to that order. Doc. 84. For the reasons below, Farm Bureau's objections are overruled.

## I.    Factual and Procedural Background

Following a dispute over insurance coverage for residential property roof damage, the Kotelmans filed a Complaint against Farm Bureau invoking diversity jurisdiction and seeking damages for breach of contract and bad faith, as well as a declaratory judgment requiring Farm

1

Bureau "to remit at least the $423,100 in dwelling coverage available under the Policy to the Kotelmans." Doc. 1; see also Doc. 13 (Amended Complaint). Farm Bureau moved to dismiss, Doc. 8, but the Honorable Lawrence L. Piersol denied the motion in December 2024. Doc. 19.

In April 2025, the Kotelmans moved to compel Farm Bureau to provide sufficient responses to four of their interrogatories and nine of their requests for production. Doc. 27. On July 8, as the motion was still pending, the Kotelmans filed an unopposed motion to amend the scheduling order. Doc. 39. Judge Piersol granted the motion to amend and extended the discovery deadline to October 15, 2025, and the motions deadline to November 21, 2025. Doc. 40. Judge Piersol then reassigned the case to the undersigned.

Before a ruling on the motion to compel, Farm Bureau had moved for summary judgment. Doc. 41. Farm Bureau also moved to exclude the expert testimony of the Kotelmans' structural engineering expert, Keith Stroh. Doc. 45. Shortly thereafter, the Kotelmans disclosed Stroh's rebuttal report, which prompted Farm Bureau to file a motion to strike the rebuttal report as untimely. Doc. 47. The Kotelmans then moved under Federal Rule of Civil Procedure 56(d) for denial of Farm Bureau's motion for summary judgment while discovery is ongoing and filed responses to Farm Bureau's motions. Docs. 50, 53, 54, 55. Farm Bureau subsequently filed replies and opposed the Kotelmans' motion for relief under Rule 56(d). Docs. 57, 58, 59, 60.

On October 22, 2025, following a hearing, Magistrate Judge Mark A. Moreno issued an order granting in part and denying in part the Kotelmans' motion to compel, Doc. 27. Doc. 65. Judge Moreno ordered that Farm Bureau provide sufficient responses to various interrogatories and requests for production (RFP), including subpart (10) RFP 19, which was limited to homeowners' claims since 2020 and redacting personal information. See id. at 2–7. Judge Moreno denied the Kotelmans' request for an award of attorney's fees under Federal Rule of Civil

2

Procedure 37(a)(5) because "although the Kotelmans [had] prevailed in large part, they did not do so without limitations and carveouts." Id. at 7–8. Judge Moreno ordered Farm Bureau to respond to these interrogatories and RFPs by January 2, 2026. Id. at 8. Farm Bureau did not file an objection. See Doc. 76 at 4 ("Under Rule 72(a), a party who fails to timely object to a magistrate judge's nondispositive order forfeits the ability to challenge it." (collecting cases)).

On November 5, 2025, this Court ruled on the remaining pending motions and granted the Kotelmans' motion for relief under Rule 56(d), denied Farm Bureau's motion for summary judgment without prejudice to re-filing upon the conclusion of discovery, denied Farm Bureau's motion to exclude expert testimony of Keith Stroh, and denied Farm Bureau's motion to strike Stroh's rebuttal report. Doc. 66.

On February 20, 2026, Farm Bureau moved to reconsider a portion of Judge Moreno's decision on the Kotelmans' motion to compel. Doc. 74. Farm Bureau limited its request to Judge Moreno's ruling on Plaintiffs' RFP 19, which "ordered Farm Bureau to produce the claim files for all weather-related homeowners' claims that Grant Sherman handled since 2020, with any personal information redacted." Id. at 1 (citing Doc. 65 at 6). Farm Bureau based its motion "on the newly obtained information concerning the number of claim files the Court's Order entails, the types of claims at issue, the number of pages that would have been produced, and the time and cost of compliance" as well as the Honorable Eric C. Schulte's "newly issued opinion in Schoon v. Farmington Casualty Co., 5:24-CV-05002, 2025 WL 3485626 (D.S.D. Dec. 4, 2025)," which Farm Bureau maintained "concerned a similar discovery request in an insurance bad faith case" and "warrants review of this Court's previous order." Id.; Doc. 75 at 6. The Kotelmans opposed the motion to reconsider and argued that Farm Bureau had not objected to the order on the motion to compel in the required window and therefore waived any objection, that Rule 54(b) was not

3

appropriate to challenge a discovery dispute, and that the motion failed to identify any manifest error of law or fact. Doc. 76. In its reply brief, Farm Bureau raised for the first time that Clifford Wollman's deposition testimony had mooted the Kotelmans' claim-handling allegations and rendered RFP 19 disproportional. Doc. 79 at 12–14.

Judge Moreno denied Farm Bureau's motion to reconsider as the motion was not based on new evidence or a change in the law, the documents ordered by the previous decision on the motion to compel are relevant and not unduly burdensome to produce, and his earlier modifications to the original RFP 19 made the production order proportional. Doc. 81. Farm Bureau now objects to Judge Moreno's order, asking this Court to modifying the underlying order to limit production responsive to RFP 19 to the documents Farm Bureau has already produced, specifically, "(1) weather-related homeowners' claims involving the weight of snow and ice that Grant Sherman handled since 2020; and (2) weather-related homeowners' claims that Grant Sherman handled where coverage was denied." Doc. 84 at 6–7.

## II. Legal Standards

### A. Motion to Compel

"'Broad discovery' is the norm" in a civil case. Stecklein & Rapp Chartered v. Experian Info. Sols., Inc., 113 F.4th 858, 861 (8th Cir. 2024) (quoting WWP, Inc. v. Wounded Warriors Fam. Support, Inc., 628 F.3d 1032, 1039 (8th Cir. 2011)). Under Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Although the standard for discovery is broader than for admissibility at trial, the requested information still must clear a 'threshold . . . of relevance,'" meaning the information must be probative of a claim or defense or "at least aimed at the discovery of evidence that could be."

4

Stecklein & Rapp Chartered, 113 F.4th at 861 (first quoting Hofer v. Mack Trucks, Inc., 981 F.2d 377, 380 (8th Cir. 1992); then citing Fed. R. Evid. 401 (stating that evidence is relevant at trial if "it has any tendency to make a fact" that "is of consequence" to the "determin[ation] [of] the action" any "more or less probable"); then citing Fed. R. Civ. P. 26(b)(1); then citing Miscellaneous Docket Matter # 1 vs. Miscellaneous Docket Matter # 2, 197 F.3d 922, 925–26 (8th Cir. 1999)).

Under Federal Rule of Civil Procedure 37(a)(3)(B), a party may "move for an order compelling production or answers against another party when the latter has failed to produce documents requested under Rule 34 or to answer interrogatories under Rule 33." Backfisch v. Penske Truck Leasing Co., No. 1:24-CV-00213, 2026 WL 905398, at *2 (E.D. Mo. Apr. 2, 2026) (citing Fed. R. Civ. P. 37(a)(3)(B)(iii)–(iv)). "Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." Dziadek v. Charter Oak Fire Ins. Co., No. 11-4134, 2014 WL 820049, at *5 (D.S.D. Mar. 3, 2014) (quoting Hickman v. Taylor, 329 U.S. 495, 507 (1947)). Relevancy is construed broadly and encompasses "any matter that could bear on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Kirschenman v. Auto–Owners Ins., 280 F.R.D. 474, 481 (D.S.D. 2012) (internal quotation marks and citation omitted). Once the requesting party has made its threshold showing that the evidence sought is relevant, the burden shifts to the resisting party who must "show specific facts demonstrating that the discovery is not relevant, or how it is overly broad, burdensome, or oppressive." Id.; see also Fed. R. Civ. P. 33(b)(3)–(4), 34(b)(2)(B). The mere statement that an interrogatory or request for production was overly broad, burdensome, oppressive, or irrelevant is

5

not adequate to prevail on such an objection. Lillibridge v. Nautilus Ins. Co., No. 10-4105, 2013 WL 1896825, at *6 (D.S.D. May 3, 2013).

### B. Motion to Reconsider Under Federal Rule of Civil Procedure 54(b)

Under Federal Rule of Civil Procedure 54(b), "any order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). "[A] motion for reconsideration serves the limited function 'to correct manifest errors of law or fact or to present newly discovered evidence.'" Woodward v. Credit Serv. Int'l Corp., 132 F.4th 1047, 1058 (8th Cir. 2025) (quoting Hagerman v. Yukon Energy Corp., 839 F.2d 407, 414 (8th Cir. 1988)); see also id. (affirming district court's denial of a motion for reconsideration where the "request 'identifies no *manifest* errors of law or fact' and merely reargued matters the district court had already considered and rejected"); Preston v. City of Pleasant Hill, 642 F.3d 646, 652 (8th Cir. 2011) (affirming district court's denial of motion to reconsider in part because its purpose of "repeating arguments the district court had already rejected" was improper). A motion to reconsider under Rule 54(b) "is not a vehicle to identify facts or legal arguments that could have been, but were not, raised at the time the relevant motion was pending," Julianello v. K-V Pharm. Co., 791 F.3d 915, 923 (8th Cir. 2015), and it should not "serve as the occasion to tender new legal theories for the first time," Hagerman, 839 F.2d at 414 (citation omitted). "A district court does not abuse its discretion in denying a motion for reconsideration

used for [] an 'impermissible purpose.'" SPV-LS, LLC v. Transamerica Life Ins., 912 F.3d 1106, 1111 (8th Cir. 2019) (citation omitted).

### C. Review of Magistrate Judge's Order

This Court "may designate a magistrate judge to hear and determine any pretrial matter pending before the court" with a few exceptions not relevant here. 28 U.S.C. § 636(b)(1). This Court reviews a magistrate judge's order on a pretrial matter under the statutory standards found in 28 U.S.C. § 636(b)(1)(A), which provides in relevant part that "[a] judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." Id. See also Ferguson v. United States, 484 F.3d 1068, 1076 (8th Cir. 2007) ("A district court may reconsider a magistrate judge's ruling on nondispositive pretrial matters where it has been shown that the ruling is clearly erroneous or contrary to law." (citing 28 U.S.C. § 636(b)(1)(A))). Similarly, under Federal Rule of Civil Procedure 72(a), this Court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

"The Magistrate Judge has broad discretion to supervise the discovery matters before him," and "[w]here a magistrate judge has carefully examined the proposed discovery, the Court will defer to the magistrate judge's broad discretion . . . to manage and define appropriate discovery unless the Magistrate Judge's determinations were clearly erroneous or contrary to law." Shukh v. Seagate Tech., LLC, 295 F.R.D. 228, 238 (D. Minn. 2013) (cleaned up and citations omitted).

7

"This standard affords deference to the magistrate judge . . . ." Sprint Commc'ns Co. v. Native Am. Telecom, LLC., No. 4:10-CV-04110, 2015 WL 1268299, at *1 (D.S.D. Mar. 19, 2015).

## III.    Analysis

Although only Judge Moreno's order on Farm Bureau's motion to reconsider is before this Court, for the sake of completeness, this Court observes that Judge Moreno's underlying order on the motion to compel (to which Farm Bureau did not timely object) is consistent with applicable law. "In order to prove a bad faith denial of an insurance claim under South Dakota law, the plaintiff must show that the insurer denied a claim knowing there was no reasonable basis for the denial, or that the defendant acted with reckless disregard as to whether a reasonable basis existed to deny the claim." Dziadek, 2014 WL 820049, at *7 (collecting cases). In his order on the motion to compel, Judge Moreno found that the Kotelmans' request for documents pertaining to weather-related property damage claims that Grant Sherman, Farm Bureau's primary adjuster, investigated within the past seven years was "relevant, particularly in the bad faith context," and "consistent" with the request for production permitted in Dziadek. See Doc. 65 at 6 (citing 2014 WL 820049, at *7). However, Judge Moreno limited the request to claims since 2020 and ordered redactions of any personal information in the files. Id.

Farm Bureau's motion to reconsider raised neither "manifest errors of law or fact [n]or . . . newly discovered evidence" concerning RFP 19, Woodward, 132 F.4th at 1058, and Judge Moreno's order was neither clearly erroneous nor contrary to law, 28 U.S.C. § 636(b)(1)(A). In ruling on the motion to reconsider, Judge Moreno first concluded that the information related to the cost of production of the files order "comes from Farm Bureau's own claims system and personnel," therefore, Farm Bureau "knew, or could have determined" this information during the many different points at which this RFP was contested. Doc. 81 at 4–5. Therefore, Judge Moreno

8

concluded, these cost calculations did not qualify as "newly discovered evidence" and could not form the basis for reconsideration. Id. at 5. Judge Moreno reasoned that Judge Schulte's decision in Schoon was distinguishable and did not change controlling law, and therefore, the order on the motion to compel was not clearly or manifestly erroneous as a matter of law. Id. at 6–8. Judge Moreno reaffirmed because "[t]he Kotelmans allege that Sherman and Farm Bureau acted unreasonably in their investigation and denial of their claim," "[h]ow [Sherman] managed wind, hail, and other weather-based claims has a direct bearing on the adequacy of his handling of the Kotelmans' claim." Id. at 9. Judge Moreno supported this denial of the motion to reconsider by emphasizing that "discovery along the lines ordered has been routinely allowed in South Dakota federal courts." Id. (collecting cases).

Turning to the objections, first, Farm Bureau does not object to Moreno's conclusion on the cost of production as erroneous, see Doc. 84, but instead criticizes Judge Moreno's treatment of its reply brief argument concerning Clifford Wollman's March 3, 2026 deposition testimony, see id. at 3–5. Based on this deposition testimony, which occurred after the filing of its motion to reconsider, Farm Bureau argued "the fact that Farm Bureau did not contact Wollman is immaterial and insufficient for Plaintiffs to maintain their claim that Farm Bureau failed to conduct a reasonable investigation." Doc. 79 at 6. Judge Moreno characterized this argument, that the claim-handling allegations were now moot and RFP 19 irrelevant and disproportional, as "an adjunct to the one Farm Bureau previously made" in its brief in opposition to the motion to compel and noted that it "appears to be in an impermissible attempt to belatedly alter the scope of the RFP the Court fixed more than five months ago." Doc. 81 at 8. Judge Moreno determined this deposition testimony did not warrant reconsideration. Id.

Even if Farm Bureau is correct that Wollman's deposition testimony has "weakened" the investigation-based bad-faith theory, see Doc. 84 at 4, a contention the Kotelmans dispute, see Docs. 85, 86,[1] it does not necessarily follow that the production sought in RFP 19 is no longer relevant or proportional for the Kotelmans' bad-faith claim, see Dziadek, 2014 WL 820049, at *5, 7. This Court does not find Judge Moreno's conclusion on the impact of that deposition testimony "contrary to law" and defers to Judge Moreno's determination of what remains relevant and proportional discovery requests for the bad faith claim in light of the new disposition testimony. See Doc. 81 at 9; Shukh, 295 F.R.D. at 238; Sprint Commc'ns Co., 2015 WL 1268299, at *1. Farm Bureau's objection to Judge Moreno's treatment of Farm Bureau's deposition testimony argument is overruled.

Second, Farm Bureau objects to Judge Moreno's conclusion concerning Schoon, a district court decision Farm Bureau now contends "*compels* a different result." Doc. 84 at 5–6 (emphasis added). Compare id. with Doc. 79 at 9 ("Judge Schulte's decision in Schoon v. Farmington Casualty Co., 2025 WL 3485626 (D.S.D. Dec. 4, 2025), *provides context* that did not exist when the Magistrate ruled on Request No. 19." (emphasis added)). Farm Bureau argues that (1) privacy concerns regarding medical records at issue in Schoon apply with equal force to property damage claim files, at issue here, (2) like in Schoon, the Kotelmans already possess "meaningful alternative sources for the pattern-and-practice evidence they seek," and (3) the same concern in Schoon around "mini-trials" on each production of each unrelated file militate towards limiting the

---

[1] See Doc. 85 at 9 ("[T]he Wollman deposition does not address the subject of RFP 19. RFP 19 targets Sherman's claim files and evidence of an adjuster's pattern and practice across comparable cases. Wollman's observations of the Kotelman roof bear on whether Farm Bureau's investigation was adequate, but they say nothing about whether Sherman's files from 231 other claims are relevant and proportional. Farm Bureau is attempting to resolve a merits dispute—whether the bad faith theory is viable—through a discovery motion. That is not what reconsideration is for, and it is not what 'new evidence' means.").

10

production sought in RFP 19. Id. (citing Schoon, 2025 WL 3485626, at *8–10). Having reviewed Schoon, this Court overrules Farm Bureau's objection. Judge Moreno's analysis of Schoon in the context of deciding the motion to reconsider was not contrary to law. See Doc. 81 at 6–8; Shukh, 295 F.R.D. at 238; Sprint Commc'ns Co. L.P., 2015 WL 1268299, at *1. It was not clearly erroneous for Judge Moreno to conclude that the "order was not clearly or manifestly erroneous as a matter of fact or law" based on the subsequent issuance of a single district court case with numerous factual distinctions that did not change binding law. Doc. 81 at 8.[2] As noted above, this objection is overruled.

## IV.    Conclusion

For the reasons stated above, it is hereby

ORDERED that Defendant Farm Bureau's Objections to the Order Denying the Motion to Reconsider, Doc. 84, are overruled. It is further

ORDERED that the Order Denying the Motion to Reconsider, Doc. 81, is affirmed. It is further

---

[2] Further, this Court notes that Farm Bureau's argument has shifted from motion briefing, where it posited Schoon warranted review of the underlying order, provided context, and reaffirmed "the well-established principle that discovery requires a case-by case assessment and the mere fact that another court ordered discovery in another case does not mean that discovery is warranted in this case," to its argument in its objections that Schoon "compels a different result" in the case at hand. Doc. 75 at 6; Doc. 79 at 9, 12; Doc. 84 at 6. To the extent that Farm Bureau contends Schoon reaffirms a well-established principle, a motion to reconsider under Rule 54(b) "is not a vehicle to identify facts or legal arguments that could have been, but were not, raised at the time the relevant motion was pending," Julianello, 791 F.3d at 923, and it should not "serve as the occasion to tender new legal theories for the first time," Hagerman, 839 F.2d at 414 (citation omitted). On the other hand, to the extent that Farm Bureau believes that Schoon "compels a different result" on the motion to compel, Schoon does not overrule any of the authority Judge Moreno cited in the order on the motion to compel. See, e.g., Doc. 81 at 9 n.43.

11

12

ORDERED that Defendant Farm Bureau is directed to comply with the Order on the Motion to Compel, Doc. 65.

DATED this 20th day of May, 2026.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE